Filed 2/7/22  P. v. Diaz CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092548 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F00542) |
| v. | OPINION ON TRANSFER |
| HUMBERTO DIAZ, | |
| Defendant and Appellant. | |

Defendant, Humberto Diaz, appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95, enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015).  He contends his conviction for attempted murder as an aider and abettor on a natural and probable consequences theory was eligible for relief under section 1170.95; and, if the conviction is not eligible for relief, then section 1170.95 violates equal protection principles.  In an unpublished opinion, we affirmed the order. (*People v. Diaz* (Aug. 2, 2021, C092548 [nonpub. opn.].)  The Supreme Court granted

---

[1]      Undesignated section references are to the Penal Code.

1

review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775. Upon reconsideration, we agree with defendant he is entitled to resentencing on his attempted murder conviction. Accordingly, we will reverse and remand with instructions to the trial court to appoint counsel for defendant and issue an order to show cause for further proceedings under section 1170.95.

## BACKGROUND

In 2007, a jury found defendant guilty of three counts of attempted murder arising out of a gang related shooting. The trial court sentenced defendant to an aggregate term of 18 years four months, plus 50 years to life.[2] On appeal, we affirmed defendant's conviction. (*People v. Diaz* (Oct. 20, 2009, C057586) [nonpub. opn.].)

In 2019, defendant filed a section 1170.95 petition for resentencing "seeking to vacate [his] conviction for attempted murder." In the trial court, he argued that section 1170.95 applied to attempted murder, but did not make an equal protection claim. The trial court denied the petition on the grounds that under the plain language of section 1170.95, defendant was not eligible for relief for his attempted murder convictions.

## DISCUSSION

### General Statutory Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

---

[2] Defendant indicates he was sentenced to a determinate term of 30 years and an indeterminate term of 25 years to life, citing to the portion of the record sentencing the codefendant.

2

the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) It also added section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for retroactive relief, if the changes in the law would affect their previously sustained convictions; that is, if "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018, ch. 1015, § 4; § 1170.95, subd. (a)(3).)

Senate Bill No. 775 was signed into law on October 5, 2021, and clarifies that the petition process under section 1170.95 includes individuals convicted of "attempted murder . . . under the natural and probable consequences doctrine." (Sen. Bill No. 775 (2020-2021 Reg. Sess.) § 1, subd. (a).) Senate Bill No. 775 was passed as nonurgency legislation during the regular session and became effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also *People v. Camba* (1996) 50 Cal.App.4th 857, 862.) The statute applies to acts predating its enactment as either an ameliorative statute under *In re Estrada* (1965) 63 Cal.2d 740, 748 or a clarification of law (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243; *People v. Lee* (2018) 24 Cal.App.5th 50, 57). In either case, defendant is entitled to the benefit of the new provisions to section 1170.95.[3]

Defendant contends, as a person convicted as an aider and abettor on a theory of natural and probable consequences, he can seek relief under section 1170.95. Defendant argues attempted murder comes within the purview of Senate Bill No. 1437 (2017-2018

---

[3]     The People did not file supplemental briefing in this case.

3

Reg. Sess.), as demonstrated by the legislative history and the ameliorative legislative purpose of the bill. In supplemental briefing following transfer, defendant notes he was convicted as an aider and abettor in the attempted murder of three people, the jury was instructed with both direct aiding and abetting and the natural and probable consequences doctrine as a result of either brandishing a firearm or assault with a firearm, and during deliberations the jury asked if it could find defendant guilty under the natural and probable consequences rather than reading a unanimous verdict on direct aider and abettor liability.

In denying his petition, the trial court relied on the fact that section 1170.95 did not apply to attempted murder convictions. Senate Bill No. 775 has now clarified section 1170.95 does apply to attempted murder convictions. Accordingly, defendant may be entitled to relief and we must reverse and remand the order denying relief.

### DISPOSITION

The order denying defendant's petition for resentencing under section 1170.95 is reversed. The matter is remanded with directions to issue an order to show cause and hold a hearing under section 1170.95, subdivision (d).


/s/
Robie, J.


We concur:


/s/
Raye, P. J.


/s/
Duarte, J.

4